IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 7:95-CR-32 HL |
| | | 18 U.S.C. § 3582(c)(2) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

On December 7, 2004, Petitioner Austin filed a MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2). (R-312). Austin requests that the court employ U.S.S.G. § 2D1.1(a)(3), Amendment 668, effective November 1, 2004, to reduce his Offense Level by 3 additional levels, from 30 to 27, resulting in a reduction in sentencing range from 97-121 months to 70-87 months.

### Procedural History

Petitioner Austin was found guilty after a jury trial, along with Gerry Jackson, Willie Maud Jackson, and Larry Coley, on November 10, 1997, of Conspiracy to Distribute Cocaine in violation of 18 U.S.C. § 846 and Money Laundering in violation of 18 U.S.C. § 1956(h). (R-127). On February 25, 1998, at sentencing, Petitioner Austin was attributed an Offense Level of 34 with a Criminal History Category of I, which would have resulted in a guideline sentencing range of 151 to 188 months. However, the court applied a Mitigating Role under U.S.S.G. § 3B1.2, to Austin and awarded a 4 level reduction in his Offense Level to 30, with the resultant guideline sentencing range of 97 - 121 months. The court then sentenced

Petitioner to a term of 97 months imprisonment. (R-167).

A § 3582(c)(2) motion is not a civil post-conviction action subject to procedural bar or statute of limitation, but is rather a continuation of the Defendant's criminal case, inasmuch as § 3582 refers to the statutes and rules governing the imposition and subsequent modification of a sentence of imprisonment. Specifically, Section 3582(c)(2) allows for the modification of a defendant's sentence based on changes in the sentencing guidelines subsequent to the date of his sentence. *United States v. Fair,* 326 F.3d 1317, (11th Cir. 2003).

At the same time, Title 18 U.S.C. § 3582, provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that –
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 [Policy Statement] in paragraph (a) provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment is not consistent with this policy statement and thus is not authorized.* (emphasis added)

The court should note that Amendment 668 was ***not*** listed in subsection (c) to U.S.S.G. § 1B1.10, and note also Application Note 1, of the Commentary following U.S.S.G. § 1B1.10, which provides:

> *Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.* (emphasis added)

Petitioner Austin asked the court to "give retroactive effect to the Amendment of Chapter 2, Section 2D1.1 (Amendment 668) under U.S.S.G. § 1B1.10. He argues that this court has discretion to apply the amendment retroactively, citing as authority *United States v. Armstrong,* 347 F.3d 905 (11th Cir. 2003). Petitioner Austin misrepresents the *Armstrong* Court's holding. The Court clearly states:

> [O]nly amendments, *clarifying or not,* listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentence range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2). Moreover, we have, in essence, already so held. *See United States v. Carter,* 110 F.3d 759 (11th Cir. 1997) (holding that Amendment 484 could be applied retroactively because it was listed under § 1B1.10(c), but Amendment 518 could not because it was not listed therein, even though it "clarified" the rule established under Amendment 484 (which was retroactive)). . . .
> We agree with several of our sister circuits that have established a bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied ***solely*** where expressly listed under § 1B1.10(c). (emphasis added) (citations omitted).

*Id.* at 909. Amendment 668 was not made retroactive by inclusion in U.S.S.G. § 1B1.10(c). Therefore, this court is not authorized to give it retroactive application for a reduction of

3

Petitioner's sentence under a § 3582(c)(2) Motion For Reduction of Sentence.

Furthermore, Amendment 668 to U.S.S.G. § 1D1.2 is a substantive change to the guideline itself to be given prospective application only. The **Reasons for Amendment 668** state:

> The amendment modifies the maximum base offense level for certain offenders provided as § 2D1.1(a)(3) . . . Prior to the amendment, subsection (a)(3) limited the maximum base offense level to level 30 for all offenders sentenced under § 2D1.1 who also received an adjustment under § 3B1.2 (Mitigating Role [as in Petitioner's case]).  In order to address proportionality concerns arising from the "mitigating role cap," the amendment modifies § 2D1.1(a)(3) to provide a graduated reduction for offenders who qualify for a mitigating role adjustment under 3B1.2.  Specifically, the amendment provides a two-level reduction if the defendant *receives* an adjustment under § 3B1.2 and the base offense level determined at the Drug Quantity Table in § 2D1.1 is level 32. (emphasis added)

The new Amended § 2D1.1(a)(3) is clearly a prospective amendment to the rule.

The court originally found Petitioner Austin eligible for a 4 point reduction for mitigating rule adjustment under 3B1.2 and reduced his Offense Level from 34 to 30. Petitioner would have the court apply Amendment 668 (which has not been made retroactive under § 1B1.10(c)) to reduce his original Offense Level 34 by 3 levels under the 2004 Amendment to Offense Level 31, and then credit him again with the 4 point Mitigating Role adjustment under 3B1.2 to reduce his Offense Level to 27, resulting in a sentencing range of 70 to 87 months.  He also seeks the low end of that range for a 70 month sentence.

Unfortunately, upon the authority cited above the court is not authorized to make retroactive application of Amendment 668 as it is not included under § 1B1.10(c), the *sole* method of making Amendments retroactive under the Federal Guideline system.

WHEREFORE, IT IS RECOMMENDED, upon the foregoing authority, that the relief Petitioner seeks by his Motion For Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), be DENIED.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of August 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE